# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **5:08-CR-00242-RDP-HNJ** |
| ) | |
| **ROBERT MICHAEL EVANS** ) | |

## RESPONSE TO RENEWED MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on the defendant's Renewed Motion for Compassionate Release. (Doc. 1226.) The defendant's motion is due to be denied.

After a jury trial, the defendant was convicted of various federal narcotics and firearms violations on October 14, 2008. On March, 19, 2009, the defendant was sentenced to serve the remainder of his life in prison. (Doc. 727.) The defendant's conviction and sentence were affirmed on appeal. *United States v. Goodlow*, 389 Fed.Appx. 961 (11th Cir. 2010).

The defendant has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 1226.) In his motion, the defendant asks for a reduction in his sentence based on his physical condition limiting his ability for self-care. Id. At 1. The defendant argues that the Court has discretion to grant a sentencing reduction based on "extraordinary and compelling circumstances." Id.

He asks that his sentence be reduced to credit for time served or to a period of supervision with or without home confinement. *Id*. At 2.

The defendant seeks relief pursuant to 18 U.S.C. § 3582 which provides, in pertinent part,

> **(c) Modification of an imposed term of imprisonment, --** The court may not modify a term of imprisonment once it has been imposed except that --
> **(1)** in any case -
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -
> **(i)** extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

The defendant also sets forth and relies on the commentary in U.S.S.G. § 1B1.13, which states in pertinent part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of

imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that --

    **(1)(A)** Extraordinary and compelling reasons warrant the reduction …

    **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    **(3)** The reduction is consistent with this policy statement.

## Commentary

**Application Notes:**

    **1. Extraordinary and Compelling Reasons.**--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    **(A) Medical Condition of the Defendant.--**

    **(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    **(ii)** The defendant is --

        **(I)** suffering from a serious physical or medical condition,

        **(II)** suffering from a serious functional or cognitive impairment, or

        **(III)** experiencing deteriorating physical or mental health because of

the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

　　*\*\**

　　**(D)   Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

　　**2. Foreseeability of Extraordinary and Compelling Reasons.--**For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

　　**3. Rehabilitation of the Defendant.--**Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

　　**4. Motion by the Director of the Bureau of Prisons.--**A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.
　　This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

**5. Application of Subdivision (3).--**Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

**Background:** The Commission is required by 28 U.S.C. § 994(a)(2) to develop general policy statements regarding application of the guidelines or other aspects of sentencing that in the view of the Commission would further the purposes of sentencing (18 U.S.C. § 3553(a)(2)), including, among other things, the appropriate use of the sentence modification provisions set forth in 18 U.S.C. § 3582(c). In doing so, the Commission is authorized by 28 U.S.C. § 994(t) to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." This policy statement implements 28 U.S.C. § 994(a)(2) and (t).

Federal Sentencing Guidelines, § 1B1.13, 18 U.S.C.A., FSG § 1B1.13
As amended to 12-1-19.

U.S.S.G. § 1B1.13.

Discussion

There are several factors for the Court's consideration which the government submits are not in dispute. The defendant was in a vehicle accident in 2003, which caused him to require the use of a wheelchair. This accident and the defendant's condition occurred prior to the facts resulting in his conviction in this case. Indeed, the defendant would have been using a wheelchair at the time of the offenses for which he was convicted and used a wheelchair during his trial and at the time of his sentencing. The defendant now suffers from pressure sores which have called for his hospitalization and medical procedures while he has been in federal prison.

The government does not dispute that the defendant suffers from other health conditions.

The question for the Court is whether the defendant's current medical condition is so extraordinary and compelling that he should receive the relief he now seeks – a sentence of credit for time served or a period of relief on some term of supervision.

There are several factors which support the denial of the defendant's motion. One is that the defendant has pursued administrative relief through the Bureau of Prisons, and that relief, after review, was denied on August 27, 2019. *See* Exhibit 1. In that decision, the Bureau of Prisons evaluated whether the defendant receive a reduction in sentence based on his medical condition and pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Id. In that review, the Bureau of Prisons considered whether the defendant had an incurable progressive illness, whether he suffered a debilitating injury from which he will not recover. *Id.* Per the Bureau of Prisons' review, "[a]n inmate is considered to be in a 'debilitated medical condition when he is: (1) completely disabled, meaning he cannot carry on any self- care and is totally confined to a bed or chair; or (2) capable of only limited self- care and confined to a bed or chair for more than 50 percent of his waking hours." *Id.* The review noted

that the defendant relies on a wheelchair which he can operate independently.  Id. The review also noted that the defendant is capable of ambulating with a rolling walker and orthotic shoes.   He also is capable of attending to his Activities of Daily Living.  Id.  The Bureau of Prisons found that, although the defendant was receiving treatment for a pressure sore, his medical and functional statuses were otherwise essentially the same as at the time of the defendant's sentencing.  Id.

As Mr. Evans is capable of attending to his ADLs and instrumental ADLs, in making its determination at this time, the Court must also consider the sentencing factors set forth in 18 U.S.C. 3553(a).  To that end, the government refers the Court to its previously submitted Sentencing Memorandum (Doc. 701), to the facts of this case, and to the Eleventh Circuit's determination that the defendant's sentence was substantively reasonable.  *United States v. Goodlow*, 389 Fed.Appx. 961 (11th Cir. 2010).  It is specifically noted that, as the sentencing Court did, the Court of appeals noted that the appropriate sentencing factors had been taken into consideration and that the defendant is a Career Offender.  *Id*.  At 965 and 968-970.  The Court also noted the significant amount of drugs involved in the defendant's offenses and his possession of firearms.  *Id*. At 964 and 967.

Although the defendant's subsequent condition need not have been unforeseen at the time of his original sentence, it was in fact foreseen, not only to the Court but to the defendant himself who engaged in serious violations of federal law when it was he, probably more than anyone, who should have known that if, in his condition, he might well spend the rest of his life in prison if he continued to break the law.   Put another way, it has been the decision of two prior courts that the defendant's life sentence is reasonable and that remains the reasonable sentence based on all the appropriate sentencing factors.

The defendant states that he will seek advantage of the ability to seek his own physician or treatment.  However, there is no guarantee that the defendant will do so or that such care will be better than what the defendant can receive in prison. This is particularly true based on the fact that the government has been advised that the Bureau of Prisons is in the Process of transferring the defendant to a medical facility.   Further, the defendant's claim that he will have work in a restaurant belies his claim that he is incapable of self-care.

Conclusion

Based on all of the above and any further arguments that the Court may request, the government submits that the defendant has not established that he is

entitled to relief under 18 U.S.C. § 3582(C)(1)(A). The defendant's sentence remains reasonable under the sentencing factors set out in 18 U.S.C. § 3553(a). Therefore, the defendant's motion is due to be denied.

Respectfully submitted this the 6th day of December, 2019.

                                  JAY E. TOWN
                                  United States Attorney

                                  */s/ Electronic Signature*
                                  RUSSELL E. PENFIELD
                                  Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing pleading using the Court's CM/ECF system and that a copy of the foregoing has been served on counsel for the defendant via the same system on this the 6th day of December, 2019.

> */s/ Electronic Signature*
> Russell E. Penfield
> Assistant United States Attorney