### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTRN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **5:08-cr-242-RDP-HNJ-9** |
| ) | |
| **ROBERT MICHAEL EVANS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the court on various Motions filed by Defendant Robert Michael Evans and by the Government. (Docs. # 1143, 1147, 1163, 1187, 1189, 1190, 1196, 1226, 1235, 1241, 1242). The Government's Motion for Protective Order (Doc. # 1235) is **GRANTED**. An appropriate protective order will be entered separately.

In June 2008, Evans was charged along with 32 co-defendants in a multi-count indictment arising from a large-scale drug distribution enterprise. (Docs. # 60, 819). A jury found Evans guilty of conspiracy, possession with intent to distribute marijuana, use of a telephone to facilitate a drug trafficking offense, and being a felon in possession of a firearm. (Docs. # 419, 819). At sentencing Evans received enhancements for possessing dangerous weapons and being a career offender. He did not object to being classified as a career offender.

Evans was sentenced to life imprisonment for (1) conspiracy to distribute and possession with intent to distribute 100 kilograms or less of marijuana, and between 500 grams and 5 kilograms of cocaine, in violation of 21 U.S.C. § 841 and 846; (2) distribution of a quantity of marijuana, in violation of 21 U.S.C. § 841; (3) use of a communication facility to facilitate the commission of a felony drug-trafficking crime, in violation of 2l U.S.C. § 843; and (4) being a

felon in possession of a firearm, in violation of 18 U.5.C. § 922(g)(1). (Docs. # 727, 819).[1] Evans's conviction and sentence were affirmed on appeal. (Doc. # 819).

Evans has filed various motions maintaining that his medical condition substantially diminishes his ability to provide self-care in a correctional facility and that a reduction in his sentence for compassionate release is warranted. (*See* Doc. # 1225). The Government maintains that Evans does not meet the applicable criteria for compassionate release and that a reduction in his sentence is not appropriate at this time. (*Id.*).

On November 20, 2019, the Bureau of Prisons made a request to have Evans transferred to a medical facility. (Doc. # 1239-1). On November 29, 2019, that request was granted, and Evans was designated for transfer to FMC Butner. FMC Butner is a Federal Medical Center, *i.e.,* a federal prison for inmates who have special health needs. At some point between January 6, 2020, and April 30, 2020, Evans was transferred to FMC Butner. *See* https://www.bop.gov/inmateloc/. In light of this development, Evans's pending Motions seeking compassionate release based on his medical condition are **DENIED**. (Docs. #1226, 1241, 1242).

Evans's other Motions (Docs. # 1143, 1147, 1163, 1187, 1189, 1190 and 1196) are **DENIED** because eligibility for consideration under 18 U.S.C. § 3582(c)(2) is only triggered by an amendment that lowers the applicable guideline range. A reduction is not authorized in Evans's case because of the operation of the Career Offender guideline at § 4B1.1.

**DONE** and **ORDERED** this April 30, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] In fact, Evans was sentenced to life on count four alone. He was also sentenced to 120 months on counts thirty-six, fifty-three, and eighty-nine; 96 months on counts thirty-seven, fifty-four, fifty-five, seventy-six, and ninety; and 120 months on count one hundred thirty-four.